# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8912 PA (JCx) | Date | April 13, 2011 |
|---|---|---|---|
| Title | United States v. Killington Land Trust, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    **Order to Show Cause Re: Dismissal For Lack Of Prosecution**

According to the Joint Scheduling Conference Report, plaintiff United States of America (the "Government") served copies of the Summons and Complaint on defendants Killington Land Trust, Longtree and Associates, LLC, and West Coast Investment Trust by personally serving J.C. Chisum. Mr. Chisum was also served personally in his capacity as trustee of West Coast Investment Trust. The Government asserts that it completed this service on February 3, 2011. To date, however, the Government has not filed proofs of service establishing that it has completed service on the trust defendants.

Although Mr. Chisum filed a pro se Answer on February 28, 2011, he did so on behalf of himself, and not on behalf of the trust defendants. In his Answer, Mr. Chisum states that, having been ordered not to serve as a trustee in a criminal proceeding, he is no longer serving as a trustee and that he has "no involvement with the issue" presented in this action. Moreover, because Mr. Chisum is only sued in his capacity as a trustee, and is not an attorney, he may not appear pro se. See Local Rule 83-2.10.1 ("A corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding pro se."). The Court therefore strikes Mr. Chisum's Answer as being in violation of Local Rule 83-2.10.1. Mr. Chisum is ordered to show cause in writing why his default should not be entered. Mr. Chisum's response to this order to show cause shall be filed no later than April 29, 2011. A notice of appearance from an attorney on Mr. Chisum's behalf shall satisfy the order to show cause, but if Mr. Chisum does not adequately respond to the order to show cause by that date, his default will be entered without further order of the Court.

Stephen Lindsey, whom the Complaint alleges is a beneficiary of the defendant trusts, states in his "Notice to Court of its Lack of In Personam and Plenary Jurisdiction" that he "does not own or have anything to do with the named entity, does not own the real property that appears to be the concern of some action that was filed in relation thereto, . . . and, as such, he can be of no further help to [the Government] on the matter of the real property in question or the entity that the respondent refers to . . . ." Nothing in Mr. Lindsey's Notice provides an adequate explanation for why the Court lacks subject matter jurisdiction over this action or personal jurisdiction over him. Because he has been served with the Summons and Complaint, but has not yet filed an Answer despite the expiration of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8912 PA (JCx) | Date | April 13, 2011 |
|---|---|---|---|
| Title | United States v. Killington Land Trust, et al. | | |

deadline for him to have done so, he is in default.  The Court therefore orders Mr. Lindsey to show cause in writing why his default should not be entered.  Mr. Lindsey's response to this order to show cause shall be filed no later than April 29, 2011.  If Mr. Lindsey does not adequately respond to the order to show cause by that date, his default will be entered without further order of the Court.

      Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States).  Fed. R. Civ. P. 12(a)(1).  Additionally, absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 120 days after the complaint is filed.  Fed. R. Civ. P. 4(m).

      In the present case, it appears that defendants Killington Land Trust, Longtree and Associates, LLC, and West Coast Investment Trust Accordingly have either not timely answered the Complaint as required by Federal Rule of Civil Procedure 12(a)(1) or have not been served as required by Federal Rule of Civil Procedure 4(m).  The Court, on its own motion, orders the Government to show cause in writing on or before April 29, 2011, why this action should not be dismissed for lack of prosecution.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.  The Order to Show Cause will stand submitted upon the filing of the Government's response.  Failure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint.

      The Scheduling Conference, currently calendared for April 18, 2011, is vacated and taken off calendar.  The Court will issue pretrial and trial dates once the Court assesses the parties' responses to the Court's orders to show cause.

      IT IS SO ORDERED.

:

Initials of Preparer